UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   5:25-cv-03068-MWC-AJR                                         Date: November 19, 2025

Title:   Beatriz A. Flores Mota v. James Janecka *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) Order GRANTING Petitioners' Application for Temporary Restraining Order (Dkt. 4)**

Before the Court is Petitioner Beatriz A. Flores Mota's ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") requiring Respondents James Janecka, Ernesto Santacruz, Pam Bondi, Kristi Noem, and Todd Lyons (collectively, "Respondents")[1] to hold an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).  *See* Dkt. # 2 ("*App.*").  Respondents did not oppose the Application.[2]  For the reasons set forth below, the Court **GRANTS** the Application.[3]

---

[1] James Janecka is the Warden of the Adelanto Immigration and Customs Enforcement ("ICE") Detention Center; Ernesto Santacruz, Jr. is the Field Office Director of Enforcement and Removal Operations at the Adelanto Detention Center; Pam Bondi is the Attorney General of the United States; Kristi Noem is the Secretary of the U.S. Department of Homeland Security ("DHS"); and Todd M. Lyons is the Acting Director of ICE.

[2] Petitioner failed to file a notice of service upon Respondents when filing the Application. However, on November 18, 2025, Petitioner filed a notice of service stating that she left a voicemail with the Assistant United States Attorneys' Office for the Central District of California on November 15, 2025, along with emailing two different accounts for that office.  *See* Dkt. # 5 ¶ 8. On November 17, 2025, Petitioner's counsel received a "read" receipt from one of those email accounts.  *See id.* ¶ 9. As such, the Court is satisfied that Petitioner's counsel attempted to comply with the Local Rules and that Respondents had sufficient notice to timely file an opposition.

[3] The Court grants Petitioner's Application at this stage only to the extent that Respondents must provide an individualized bond hearing before an Immigration Judge within 7 days of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:25-cv-03068-MWC-AJR                                        Date: November 19, 2025

Title:    Beatriz A. Flores Mota v. James Janecka *et al.*

I.   Background

Petitioner is a 44-year-old citizen of Mexico who is currently detained at Adelanto Detention Center.  *See App.* ¶¶ 14, 31.  Petitioner entered the United States without inspection approximately 14 years ago and has resided in Southern California since entering the United States.  *Id.* ¶ 22.  Petitioner's husband has an application for asylum pending, making Petitioner a derivative applicant.  *Id.*  Petitioner has two children who are United States citizens, both of whom are severely autistic.  *Id.* ¶ 23.  Petitioner is the primary caretaker for her children.  In late 2024, Petitioner filed an application for a T visa that USCIS determined to be bona fide, which stays any final order of removal, deportation, or exclusion.  *Id.* ¶ 24.

On October 22, 2025, ICE detained Petitioner after she dropped one of her sons off at school.  *Id.* ¶ 28.  Though Petitioner showed the officers her T-visa bona fide determination, the officers disregarded this information.  *Id.* ¶ 29.  Federal authorities held Petitioner incommunicado for three days following her initial detention.  *Id.* ¶ 30.  After federal authorities transferred Petitioner to Adelanto Detention Facility (where she remains in detention currently), an ICE officer attempted to force Petitioner to sign a "self-deportation" paper, though Petitioner did not do so.  *Id.* ¶¶ 31, 34.

Petitioner contends that, absent this Court's intervention, she will not receive a bond hearing before an Immigration Judge in light of the Board of Immigration Appeals' decision in *Matter of Jonathan Javier Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  *Id.* ¶¶ 49, 50.

On November 15, 2025, Petitioner filed a petition for writ of habeas corpus, *see* Dkt. # 1, and the Application, *see App.*

---

If Respondents fail to do so, however, they must release Petitioner from detention immediately. Petitioner may seek the additional relief that she requests via her motion for preliminary injunction, which the Court sets for hearing below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-03068-MWC-AJR                                                      Date: November 19, 2025

Title:     Beatriz A. Flores Mota v. James Janecka *et al.*

II.   Legal Standard

    A.   *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

    B.   Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-03068-MWC-AJR | Date: November 19, 2025 |
| Title: Beatriz A. Flores Mota v. James Janecka *et al.* | |

1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

III. <u>Discussion</u>

    A.    <u>*Ex Parte* Application and *Mission Power* Factors</u>

The Court finds that Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody since October 22, 2025, without access to a bond hearing. This detention has deprived Petitioner of any process to advocate for her release. Moreover, Petitioner has been unable to provide care for her two children who are severely autistic. If the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to any due process for at least an additional 28 days. Though Petitioner could have sought the TRO sooner, the fact that she provided ICE time to give her some additional due process cannot cut against her. However, after nearly a month in continued detention without a bond hearing, the Court finds *ex parte* relief warranted. *See Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *2 (C.D. Cal. Sept. 8, 2025) ("The Court finds that petitioners' *ex parte* request for relief is appropriate because petitioners allege that their continued detention without bond hearings, which they would be entitled to under 8 U.S.C. 1226(a), constitutes irreparable injury." (citation omitted)).

    B.    <u>Jurisdiction</u>

First, the Court finds that it has jurisdiction to rule on the TRO. Based on the Court's experience with applications resembling Petitioner's, *see, e.g.*, *Tomas v. Noem*, 5:25-cv-02786-MWC-DTB, Dkt. # 7, Respondents would likely reiterate the position that they took in *Bautista v. Santa Cruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.), Dkt. # 8 (brief filed July 24, 2025). There, they argue that the Court lacks jurisdiction under 8 U.S.C. § 1252. For clarity, the Court will address Respondents' jurisdiction argument here.

In laying out their argument, Respondents typically point to two provisions in the relevant statute: § 1252(b)(9) and § 1252(g).

8 U.S.C. § 1252(b)(9) provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-03068-MWC-AJR                                        Date: November 19, 2025

Title:      Beatriz A. Flores Mota v. James Janecka *et al.*

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added).

In interpreting the statute, *Jennings v. Rodriguez*, 583 U.S. 281 (2018), is instructive.  The Supreme Court determined that the "arising from" language of § 1252(b)(9) does not mean that the provision covers every action that technically follows the commencement of removal proceedings, as that would bar judicial review of questions of law and fact that are unrelated to the removal proceeding until there was a final order of removal. *Jennings*, 583 U.S. at 292–95.  Like the class in *Jennings*, Petitioner here is "not asking for review of an order of removal," nor is she "challenging any part of the process by which [her] removability will be determined." *Id.* at 294.  Rather, she merely seeks a bond hearing related to current detention. *See generally App.*  "Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar." *Jennings*, 582 U.S. at 294–95 (footnote omitted).

Respondents have also cited § 1252(g) to support their argument that the Court lacks jurisdiction to rule on the TRO.  That section reads:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-03068-MWC-AJR                                   Date: November 19, 2025

Title:     Beatriz A. Flores Mota v. James Janecka *et al.*

> *General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

8 U.S.C. § 1252(g) (emphasis added).  The same reasoning that applies to § 1252(b)(9) applies to § 1252(g).  *See Jennings*, 583, U.S. at 294 ("We did not interpret [§ 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General.  Instead, we read the language to refer to just those three specific actions themselves." (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999))).  Since Petitioner's seeking a bond hearing does not challenge any decision to commence proceedings, adjudicate cases, or execute removal orders, the Court finds that § 1252(g) does not present a jurisdictional bar to judicial review.  *See Mosqueda*, 2025 WL 2591530, at *3; *Henberto Arreola Armenta v. Noem*, No. 5:25-cv-02416-JFW-SP (C.D. Cal. Sept. 16, 2025), Dkt. # 7, 3.

    C.    <u>Request for Bond Hearing</u>

The Court finds that Petitioner is entitled to a TRO ordering a bond hearing before an Immigration Judge.  The Court will discuss each of the *Winter* factors in turn.

    *i.*    *Likelihood of Success on the Merits*

First, Petitioner is likely to succeed on the merits because 8 U.S.C. § 1226(a) applies to her and authorizes a bond hearing.  8 U.S.C. § 1226(a) states, in part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>     (1) may continue to detain the arrested alien; and
>     (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . . .

8 U.S.C. § 1226(a).  *Jennings* clarified that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." 583 U.S. at

Case 5:25-cv-03068-MWC-AJR     Document 6     Filed 11/19/25     Page 7 of 9     Page ID #:169

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03068-MWC-AJR                                    Date: November 19, 2025

Title:     Beatriz A. Flores Mota v. James Janecka *et al.*

306 (citing 8 C.F.R. § 1236.1(d)(1)); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including . . . an initial bond hearing before a neutral decisionmaker.").

The Court reaches this determination despite the BIA's *Yajure Hurtado* decision, which held that 8 U.S.C. § 1225(b)(2)(A) strips Immigration Judges of the authority to hear bond requests or grant bond to individuals who are present in the United States without admission. *See generally* 29 I. & N. Dec. 216. 8 U.S.C. § 1225(b)(2)(A) reads: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal proceeding]." 8 U.S.C. § 1225(b)(2)(A).

The Court finds the idea that Respondents have detained Petitioners pursuant to § 1225(b)(2)(A) unpersuasive. Analyzing this provision alongside § 1226(a), and "giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous," *Shulman v. Kaplan*, 58 F.4th 404, 410–11 (9th Cir. 2023), § 1226(a) and § 1225(b)(2)(A) apply to different sets of noncitizens. Section 1226(a) applies to those individuals who are already in the country and detained, while § 1225(b) applies "primarily to aliens *seeking entry into the United States.*" *Jennings*, 583 at 281, 297 (emphasis added); *Mosqueda*, 2025 WL 2591530, at *5. As such, Petitioner has demonstrated her entitlement to a bond hearing.

Nor does Petitioner need to appeal to the BIA before this Court can order a bond hearing. To be sure, the Ninth Circuit counsels that "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citing *Morrison-Kundsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)). But the Ninth Circuit has also held that "aliens need not exhaust in cases 'where resort to the agency would be futile.'" *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 895 (9th Cir. 2021) (quoting *Sun v. Ashcroft*, 370 F.3d 932, 943 (9th Cir. 2004)). "[W]here the agency's position on the question at issue appears already set, and it is very likely what the result of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-03068-MWC-AJR | Date: November 19, 2025 |
| Title: Beatriz A. Flores Mota v. James Janecka *et al.* | |

recourse to administrative remedies would be, such recourse would be futile and is not required." *Sun*, 370 F.3d at 943.

Here, there is no question that the BIA has already ruled on Petitioner's entitlement to a bond hearing, interpreting the relevant statute against providing such relief. *See Yajure Hurtado*, 29 I. & N. Dec. 216. Because Petitioner's appeal to the BIA would be futile, the Court can grant the requested bond hearing without Petitioner appealing to the BIA first. Accordingly, the Court finds that Petitioner is likely to succeed on the merits.

### ii. Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Court finds that Petitioner would be immediately and irreparably harmed by her continued deprivation of liberty without the bond hearing that she is entitled to under § 1226(a). *See Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144–45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention). The Court is also mindful of the ongoing harm related to her detention, including and especially her inability to care for her children who suffer from severe autism. Accordingly, this factor weighs in favor of granting the TRO.

### iii. Balance of Equities and Public Interest

As detailed above, the last two Winter factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, the balance of equities and the public interest factors tip in favor of Petitioner because she is challenging a policy that is likely in violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 5:25-cv-03068-MWC-AJR            Date: November 19, 2025

Title:     Beatriz A. Flores Mota v. James Janecka *et al.*

Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and in light of the other factors that the Court has already examined, Petitioner is entitled to a bond hearing before the Immigration Court.

IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** the Application. Respondents must provide Petitioner with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 7 days of this Order. If Respondents fail to do so by **end of day on November 26, 2025**, Respondents must release Petitioner immediately. A preliminary injunction hearing is set for **December 3, 2025**, at 1:30 p.m. in Courtroom 6A. Petitioner shall file her opening brief and all related submissions by end of day on November 25, 2025. Respondents shall file their opposition brief and all related submissions by end of day on December 1, 2025. Petitioner shall file her reply brief by end of day on December 2, 2025.

       **IT IS SO ORDERED.**

                                                                       :
                                             **Initials of Preparer**    TJ